## EX PARTE JOHN C. FRENCH.

On the 21st day of July, 1864, applicant received a certificate from the Board of Medical Examiners, that he was unable to perform military duty, by reason of physical disability ; and was recommended to be exempt from field or staff duty ; certificate approved by Enrolling Officer of 1st Congressional District. In November, 1864, applicant was re-examined by the Medical Board, and declared fit for service in the field. Writ issued 17th January, 1865. Respondent claimed to hold applicant as a regularly enrolled conscript, liable to military duty, under the Confederate States conscript law. On trial, evidence was overwhelming as to the physical disability of applicant to do military duty in the field. *Held*, that the re-examination was without authority, and that the applicant was entitled to his discharge under the first certificate.

The legal operative effect of a certificate of permanent disability, given under the act of Congress, entitled "An act to establish places of rendezvous for the examination of enrolled men," approved Oct. 11th, 1862, and in pursuance of General Orders, No. 82, of the Adjutant and Inspector General, dated Nov. 3d, 1862, was to exempt the party holding such a certificate, from future examination, unless specially ordered by the Board of Medical Examiners.

A party holding a certificate of decided and permanent disability, given in pursuance of General Orders No. 26, s. 7, of A. & I. G., Richmond, dated 11th March, 1864, is exempted from further molestation by enrolling officers, unless otherwise ordered from the Bureau of Conscription.

Special Order, No. 67, of Lt. Gen. Smith, dated March 19th, 1864, relates to persons who are found able to do duty in any of the staff departments, but does not apply to persons found unfit, on account of permanent disability, to do either staff or field duty.

If a party has been once examined, after the date of this order, and found unable to do duty, either in the field or on the staff, and exempt on account of permanent disability, the board has no authority, under this order, to make a

re-examination, and the party must be held to be exempt, under General Order, No. 26. A. & I. G., dated March 11th, 1864, until some further authority be shown for his enrollment.*

Applicant was President of the San Antonio and M. G. R. R. Co.; the road was destroyed by order of the military authorities, December 10th, 1863, and has not since been rebuilt. *Held*, that, for this cause, applicant is not entitled to an exemption.

The office of president of a railroad company, is not alone a ground for exemption; but the company, of which a party, claiming an exemption as president, must be engaged in transportation for the government, in order to render him exempt.

The act of the officer by whose order a railroad is destroyed, cannot be considered, on the question of exemption of its officers.

The law granting an exemption in such cases, ceases to apply when the cause ceases to exist.

Appeal from the Judgment of the Hon. JNO. H. DUNCAN, Judge of the 4th District, sitting in Chambers, at San Antonio.

*I. A. & Geo. W. Paschal*, for appellant.

*Attorney General*, for appellee.

REEVES, J., delivered the opinion of the Court.

Judgment reversed and applicant discharged.